FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 OCT 23 PM 4: 58

CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> v. ) <br> ) <br> JOHN RANDALL AYCOCK, a/k/a ) <br> JOHN OLLIFF, ) <br> ) <br> Defendant. ) | Case No. CR607-12 |

## REPORT AND RECOMMENDATION

On July 11, 2007, a federal grand jury issued a four-count indictment against John Randall Aycock, charging him with three counts of possessing an unregistered firearm and one count of possessing a firearm not identified by a serial number. Doc. 1. Aycock has filed a motion to dismiss those charges on the ground that the United States District Court for the Southern District of

Georgia lacks jurisdiction over this case.[1]  Doc. 24.  For the reasons set forth below, his motion should be **DENIED**.

Aycock's motion includes three arguments.  First, he argues that a Supreme Court case, Balzac v. Porto Rico, 258 U.S. 298 (1922), held that all United States District Courts are territorial courts, with jurisdiction over United States territories but not the fifty states themselves.  Doc. 24.  Aycock grossly misreads Balzac, which dealt only with the jurisdiction of the United States District Court for the territory of Puerto Rico, and did not address the jurisdiction of the district courts located within the States.  See id. at 313.

Aycock's second argument is that the Court lacks jurisdiction because his indictment fails to allege that his crime was committed within a special maritime or territorial jurisdiction of the United States.  Doc. 24.  But the authorities cited in support of this proposition have no bearing on the jurisdiction of this Court in this case.  See 18 U.S.C. § 7 (defining the term "Special maritime and territorial jurisdiction of the United States").  Aycock was not

---

[1] Although Aycock is represented by counsel, the Court granted him leave to file this particular motion pro se.  Doc. 23.

indicted for an offense that may be prosecuted in federal court only if it occurred on federal property. See, e.g., 18 U.S.C. § 113 (assault); id. § 661 (embezzlement and theft); id. § 2111 (robbery); id. § 2241 (aggravated sexual abuse). Rather, he was indicted for possession of unregistered firearms and a silencer, in violation of 26 U.S.C. § 5861, which is a federal crime, regardless of whether it was committed on federal or state property. See 26 U.S.C. § 7701(9)-(10). Because the federal crime alleged in Aycock's indictment purportedly occurred in the Southern District of Georgia, the Court has jurisdiction over this case. See 28 U.S.C. §§ 90, 1331.

Aycock's third and final argument rests upon a contorted reading of various federal statutes and former Rule 54 of the Federal Rules of Criminal Procedure. The language in the provisions Aycock relies upon was included to clarify that the law would apply not only within the fifty States, but also within the District of Columbia or other United States territories, or both. See, e.g., 26 U.S.C. § 7701(a)(10) (The term "State" shall be construed to *include* the District of Columbia . . . ." (emphasis added)). None of the cited authorities purports to confine the

Court's jurisdiction to United States territories. See 18 U.S.C. §§ 4001(a), 7701. Therefore, Aycock's motion to dismiss should be **DENIED**.

So **REPORTED AND RECOMMENDED** this 23rd day of October 2007.

```
_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
```